IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

                                                        Case No.  05-36900

RYAN D. HOWERTON
KERRY S. HOWERTON
f/d/b/a SPECIALTY FLOORS & MORE

                Debtors

## MEMORANDUM ON MOTION FOR RELIEF
## FROM ORDER COMPROMISING DISPUTE WITH
## THE DEBTOR AND FOR REHEARING

**APPEARANCES:**    MOORE & BROOKS
                              Brenda G. Brooks, Esq.
                              Post Office Box 1790
                              Knoxville, Tennessee  37901
                              Attorneys for Debtors

                              JENKINS & JENKINS ATTYS, PLLC
                              Michael H. Fitzpatrick, Esq.
                              2121 First Tennessee Plaza
                              800 South Gay Street
                              Knoxville, Tennessee  37929-2121
                              Chapter 7 Trustee

                              WILSON & ASSOCIATES, PLLC
                              Timothy F. Frost, Esq.
                              109 Northshore Drive
                              Suite 302
                              Knoxville, Tennessee  37919
                              Attorneys for GMAC Mortgage Corporation

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Before the court is the Motion Pursuant to Bankruptcy Rule 9024 for Relief From the Final Order and for a Rehearing on Motion by Michael H. Fitzpatrick, Trustee, to Compromise Dispute With the Debtor (Motion for Rehearing) filed by GMAC Mortgage Corporation (GMAC Mortgage) on July 31, 2006, together with a Memorandum in Support of Motion Pursuant to Bankruptcy Rule 9024 for Relief From the Final Order and for a Rehearing on Motion by Michael H. Fitzpatrick, Trustee, to Compromise Dispute With the Debtor (Memorandum). By the Motion for Rehearing, GMAC Mortgage asks the court for relief from its Order Allowing Compromise of Dispute (Order Approving Compromise) entered on July 21, 2006, and requests a rehearing on the Motion by Michael H. Fitzpatrick, Trustee, to Compromise Dispute With the Debtor (Motion to Compromise) filed on June 29, 2006. The Trustee's Response to Motion of GMAC Mortgage Corporation (Trustee's Response), opposing the requested relief, was filed by Michael H. Fitzpatrick, Trustee (Trustee) on August 22, 2006.

The court held a hearing on the Motion for Rehearing on August 24, 2006, at which the Trustee, GMAC Mortgage, and the Debtors appeared and were given the opportunity to supplement the record.[1] The record before the court consists of the Motion to Compromise, the Order Approving Compromise, the Motion for Rehearing, the Memorandum filed by GMAC Mortgage, and the Trustee's Response. Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice of all undisputed material facts evidenced by documents filed in the Debtors' bankruptcy case.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A) and (O) (1993).

---

[1] Specifically, counsel for GMAC Mortgage was asked if he wanted to file an affidavit. His response was that GMAC Mortgage would stand on the Motion for Rehearing and supporting Memorandum. The Trustee advised that he did not wish to file a brief, and the Debtors indicated, through counsel, that they were present to see how the court ruled.

# I

The Debtors filed the Voluntary Petition commencing their Chapter 7 bankruptcy case on October 13, 2005, and the Trustee was duly appointed. GMAC Mortgage is a creditor of the Debtors, holding a claim in the amount of $46,164.15, pursuant to a note secured by a second mortgage lien encumbering the Debtors' residence at 924 Turnberry Drive, Knoxville, Tennessee (Residence).[2] At the Trustee's request, on February 7, 2006, the Clerk issued a Notice of Need to File Proof of Claim Due to Recovery or Anticipated Recovery of Assets, notifying all creditors wishing to share in distribution from the Debtors' bankruptcy estate that the deadline for filing proofs of claim would be May 8, 2006.

On June 29, 2006, the Trustee filed the Motion to Compromise, setting forth his proposed agreement with the Debtors for their purchase of the equity in their Residence for $5,500.00. The Motion to Compromise, which was served on all parties in interest, including GMAC Mortgage, was set for hearing on July 20, 2006. The Notice of Hearing attached to the Motion to Compromise expressly states the following, pursuant to E.D. Tenn. LBR 9013-1(f)(1) and Local Form 9013.1:

> If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the pleading and may enter an order granting that relief.

No party in interest appeared at the hearing on July 20, 2006, to oppose the Motion nor were any formal objections filed, and the court entered the Order Approving Compromise on July 21, 2006.

---

[2] On June 14, 2006, the Trustee filed an adversary proceeding against GMAC Mortgage seeking to avoid its lien against the Turnberry Drive property as a preferential transfer under 11 U.S.C.A. § 547(b) (West 2004). This adversary proceeding remains pending.

GMAC Mortgage filed its Motion for Rehearing on July 31, 2006, prior to the Order Approving Compromise becoming final. In its Motion for Rehearing, GMAC Mortgage states that its counsel inadvertently failed to appear at the July 20, 2006 hearing and, that if allowed, the compromise would create an unjust and inequitable windfall for the Debtors. In his Response, filed on August 22, 2006, the Trustee states that GMAC Mortgage received the Motion to Compromise, as evidenced by his receipt of a telephone call from one of its representatives, who was instructed by the Trustee to either object to the Motion or make a higher offer if it did not support the Trustee's agreement with the Debtors. The Trustee also states that GMAC Mortgage neither objected to the compromise nor did it make a higher offer prior to the July 20, 2006 hearing.[3]

## II

In its Motion for Rehearing, GMAC Mortgage references Rule 9024 of the Federal Rules of Bankruptcy Procedure, pursuant to which Rule 60(b) of the Federal Rules of Civil Procedure is made applicable in bankruptcy cases. GMAC Mortgage expressly makes its motion pursuant to Rule 60(b)(1), which provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect[.]" FED. R. CIV. P. 60(b).

Even though GMAC Mortgage refers to Rule 60(b)(1) in its Motion for Rehearing, the motion was filed within the ten-day period for appeals designated by Rule 8002(a) of the Federal

---

[3] At the August 24, 2006 hearing, the Trustee advised the court that he received an offer that morning from GMAC Mortgage to pay $6,500.00. Counsel for GMAC Mortgage acknowledged that he received authorization to make the offer in the late afternoon hours of August 23, 2006.

4

Rules of Bankruptcy Procedure. In the Sixth Circuit, "[w]hen a party files a motion to reconsider a final order or judgment within ten days of entry, we will generally consider the motion to be brought pursuant to Rule 59(e)." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001). The court adheres to this rule and will deem GMAC Mortgage's Motion for Rehearing as a motion to alter or amend judgment filed pursuant to Rule 59(e), which is made applicable to contested matters in bankruptcy cases by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure.

Rule 59(e) "should be used sparingly." *In re Barber*, 318 B.R. 921, 923 (Bankr. M.D. Ga. 2004). "Motions to alter or amend [a] judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1998) (internal citations omitted). On the other hand, consideration of a motion under Rule 59(e) does not allow the party to reargue his case. *In re No-Am Corp.*, 223 B.R. 512, 514 (Bankr. W.D. Mich. 1998). "Nor should Rule 59(e) be viewed as a means for overcoming one's failure to litigate matters fully." *Condor One, Inc. v. Homestead Partners, Ltd. (In re Homestead Partners, Ltd.)*, 201 B.R. 1014, 1018 (Bankr. N.D. Ga. 1996); *see also Mathis v. United States (In re Mathis)*, 312 B.R. 912, 914 (Bankr. S.D. Fla. 2004) ("The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."). "Arguments and evidence which could have been presented

5

earlier in the proceedings cannot be presented in a Rule 59(e) motion." *In re See*, 301 B.R. 554, 555 (Bankr. N.D. Iowa 2003).

In the context of Rule 59(e), "the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Instead, newly discovered evidence must have previously been unavailable. *Gencorp, Inc.*, 178 F.3d at 834. Additionally, manifest injustice is defined as "[a]n error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." BLACK'S LAW DICTIONARY 974 (7th ed. 1999).

Here, GMAC Mortgage does not meet any of the criteria for granting a motion pursuant to Rule 59(e). There is no clear error of law, GMAC Mortgage has not submitted any newly discovered evidence, there has not been an intervening change in controlling law, and GMAC Mortgage has failed to show that the Order Approving Compromise results in any sort of manifest injustice. And, although GMAC Mortgage has now authorized its counsel to offer $1,000.00 more to the Trustee than the approved compromise, this offer was not on the table at the time of the July 20, 2006 hearing.[4] In his Motion to Compromise, the Trustee stated that he believed the compromise was "fair and reasonable," and nothing presented by GMAC Mortgage serves to evidence otherwise. The Motion for Rehearing will be denied.

---

[4] *See supra* n.3.

An order consistent with this Memorandum will be entered.

FILED:  August 30, 2006

                          BY THE COURT

                          */s/  RICHARD STAIR, JR.*

                          RICHARD STAIR, JR.
                          UNITED STATES BANKRUPTCY JUDGE